IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BESSIE TORRENCE, ROSHONNEE ORR, DE ORR, a Minor, DAE ORR, a Minor, DA ORR, a Minor, STEPHANIE Y. JONES, Z JONES, a Minor, N JONES, a Minor, | : : : : : : | |
| Plaintiffs, | : | |
| v. | : : | No. 5:10-CV-412 (CAR) |
| PICERNE DEVELOPMENT, ROBINS LANDING, LP, and SHARON HEARD: | : : | |
| Defendant. | : : | |

## ORDER TO RESPOND

Defendants Picerne Development, Robins Landing, LP, and Sharon Heard have filed a Motion for Summary Judgment in this case. Plaintiffs have not filed a timely response to the Motion. However, because Plaintiff is proceeding *pro se*, the Court finds it necessary to advise him of his right to respond to the Motion and of the consequences for failing to respond, and will grant Plaintiff additional time to file a response.

Rule 56(c) of the Federal Rules of Civil Procedure provides as follows:

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on

1

>file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.  A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Fed. R. Civ. P. 56(c).  In addition, the Court=s Local Rules provide as follows:

>The papers opposing a motion for summary judgment shall include a separate, short and concise statement of the material facts as to which it is contended that there exists a genuine issue of material fact to be tried, including specific reference to those parts of the pleadings, depositions, answers to interrogatories, admissions on file and affidavits which support such contentions.
>
>All material facts set forth in the statement served by the moving party will be deemed to be admitted unless controverted by the statement required to be served by the opposing party.

M.D. Ga. R. Civ. P. 56.

Under the procedures and policies of the Court, motions for summary judgment are normally decided on the briefs; requests for a hearing are rarely granted.  In addition to the parties= briefs, the Court will consider the pleadings, depositions, answers to interrogatories, admissions on file, and any affidavits submitted by the parties in deciding whether summary judgment is appropriate under Rule 56.

Summary judgment may be granted only if there is no genuine issue as to any material fact and if defendant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  When reviewing a

motion for summary judgment, the evidence and all justifiable inferences must be viewed in the light most favorable to the [non-moving party], but a court may not make credibility determinations or weigh the evidence.  See <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 255 (1986).

The moving party "bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact" and that entitle it to judgment as a matter of law. Celotex Corp., 477 U.S. at 323 (internal quotation marks omitted). If the moving party discharges this burden, the burden then shifts to the non-moving party to go beyond the pleadings and present specific evidence (in the form of pleadings, depositions, answers to interrogatories, admissions on file, or affidavits) showing that there is a genuine issue of material fact or that defendant is not entitled to judgment as a matter of law. See Fed. R. Civ. P. 56(e); see also Celotex Corp., 477 U.S. at 324-26. This evidence must consist of more than mere conclusory allegations or legal conclusions. See Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991).

Plaintiff is specifically advised that he has the right to file affidavits or other material in opposition to Defendant's Motion. If Plaintiff fails to do so, a final judgment may be entered against him if otherwise appropriate under Rule 56. Plaintiff is further advised that failure to respond to the statements set forth in Defendant's affidavits or other sworn pleadings may result in those statements being

accepted as true.

If Plaintiff chooses not to file a response, Defendant's Motion will not necessarily be granted; however, if Defendant meets its burden, and Plaintiff has not responded by showing that summary judgment is inappropriate, the Court must grant the Motion. If Defendant's Motion is granted, judgment will be entered in Defendant's favor, and the case will be closed; there would be no trial or any other proceedings.

Accordingly, Plaintiff is advised that the safest course of action is to file a response to Defendant's Motion in accordance with Rule 56 of the Federal Rules of Civil Procedure and the Court's Local Rules, a copy of which may be obtained from the Clerk's Office in Macon, Georgia. If Plaintiff chooses to respond, **the deadline for him to file a response brief and any supporting affidavits or other material is <u>twenty-one (21) days from the date of this Order</u>**. Defendant will then have fourteen (14) days to file a reply brief. If Plaintiff fails to file a response brief within the given time, the Court will take the Motion under advisement and render its decision.

**SO ORDERED,** this  31st day of October, 2011.

> S/ C. Ashley Royal
> C. ASHLEY ROYAL
> UNITED STATES DISTRICT JUDGE

LMH

5