IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| BESSIE TORRENCE, ROSHONNEE ORR, et al., | : | |
| | : | |
| | : | |
| Plaintiffs, | : | |
| v. | : | |
| | : | No. 5:10-cv-412 (CAR) |
| PICERNE DEVELOPMENT, ROBINS LANDING, LP, and SHARON HEARD, | : | |
| | : | |
| | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

## ORDER ON DEFENDANTS' MOTION TO DISMISS

Before the Court is Defendants', Picerne Development, Robins Landing, LP, and

Sharon Heard, Motion to Dismiss Plaintiff Stephanie Jones [Doc. 50] for her failure to

prosecute, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.  A brief

review of the record indicates that the Court has not had any contact with Plaintiff

Jones since the filing of her Complaint on November 1, 2010[1]; all correspondence has

been returned as undeliverable.  On September 20, 2011, Defendants filed this Motion

to  Dismiss,  to  which  Plaintiff  Jones  failed  to  respond.    Consequently,  this  Court

---

[1] Plaintiff Stephanie Jones brought this suit on behalf of herself and her minor children, Z and N Jones, and was joined in filing by two remaining Plaintiffs, Bessie Torrence, and Roshonnee Orr and her minor children.  Defendants' Motion, however, is filed only against Plaintiff Jones.

directed her to file a response within twenty-one days.  [See Doc. 57].  On January 31,

2012, this Court's Order was returned as undeliverable.  [Docs. 59, 60, 61].  As of the

date of this Order, Plaintiff Jones has not responded to Defendants' Motion.  After

considering the facts and applicable law, Defendants' Motion to Dismiss Plaintiff

Stephanie Jones [Doc. 50] is **GRANTED in part** and **DENIED in part**.

## DISCUSSION

Defendants argue that Plaintiff Jones failed to prosecute her § 1981 claim for

failing to: keep Defendants apprised of their current address; respond to any

correspondence or pleadings; appear at their scheduled depositions; attend the

scheduled discovery conference; and keep abreast of imposed deadlines and discovery

proceedings.

This Court no doubt possesses the power to dismiss this action "for failure to

prosecute with reasonable diligence or to comply with [the Court's] orders or rules of

procedure," Wahl v. McIver, 773 F.2d 1169, 1174 (11th Cir. 1985); see also Equity

Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th

Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or

comply with a court order.").  However, a dismissal of an action for failure to

prosecute should be undertaken "only in the face of a clear record of delay or

2

contumacious conduct by the plaintiff." <u>McKelvey v. AT&T Techs., Inc.</u>, 789 F.2d 1518, 1520 (11th Cir. 1986).   Such conduct includes "protracted foot-dragging," "defiance of court orders," "ignoring warnings," and "wasteful expenditure of the court's time." <u>Chamorro v. Puerto Rican Cars, Inc.</u>, 304 F.3d 1, 4–5 (1st Cir. 2002).   In addition, pro se litigants still must comply with federal procedural rules and local court rules.  <u>See</u>, <u>e.g.</u>, <u>Wayne v. Jarvis</u>, 197 F.3d 1098, 1104 (11th Cir. 1999), overruled on other grounds by <u>Manders v. Lee</u>, 338 F.3d 1304, 1328, n.52 (11th Cir. 2003).

Here, Defendants provide this Court with ample evidence from which to conclude that Plaintiff Jones has failed to prosecute this action.  Defendants contend, and submit an affidavit in support, that they have been unable to contact Plaintiff at all during the course of litigation.   Indeed, even now that discovery has long since concluded, Defendants still have not deposed Plaintiff Jones, although not for their lack of trying.  Rather, Plaintiff Jones failed to appear at her scheduled depositions, after being sent Notice pursuant to Rule 45.  Additionally, Plaintiff Jones failed to attend this Court's scheduled discovery conference on June 2, 2011.

Moreover, a review of the record indicates Plaintiff Jones' little involvement in this case.  Shortly after granting Plaintiff's Motion for IFP, the Order was returned as undeliverable.  [<u>See</u> Docs. 5, 6].  Aside from her participation in filing the Complaint,

3

this marked the beginning of what would become Plaintiff Jones' only involvement in the record: "Mail Returned"[2] entries: consent form to proceed in front of a Magistrate Judge [Docs. 15, 16, 22]; Rules 16/26 Order [Docs. 18, 19, 23]; Memorandum to Counsel regarding past due Proposed Scheduling/Discovery Order or Report [Docs. 28, 33]; Notice of Discovery Hearing [Doc. 34]; Scheduling Discovery Order [Docs. 35, 40]; Discovery Order Memorandum [Docs. 41, 45, 46, 52]; Order Directing Response to Defendants' Motion for Summary Judgment [Docs. 54, 55, 56]; and Order Directing Response to this instant Motion, Defendants' Motion to Dismiss for Failure to Prosecute [Docs. 58, 59, 60, 61].[3]

In its initial Order granting Plaintiffs' Motion for Leave to Proceed IFP, this Court advised all of the Plaintiffs, including Jones, of their duty to keep the Clerk of Court advised of their current addresses at all times. [See Doc. 3]. The record in this case clearly indicates that Plaintiff Jones has failed to follow this Court's Order. In

---

[2] In some cases the returned mail was marked with various descriptions, including: "Not Deliverable as Addressed Unable to Forward" [Doc. 18]; "Attempted Not Known" [Doc. 19]; "Not At This Address" [Doc. 33]. In other cases, the returned mail indicated a forwarding or different address, at which the Court would then resend the mail to the provided address. [See e.g. 46]. Each time, with one exception, the mail was returned as undeliverable. The record does not indicate that the Discovery Order Memorandum, "updated with address provided and remailed," on September 19, 2011, was returned as undeliverable. [See Doc. 45].

[3] The Court notes that Plaintiff Jones listed only her address as means of contact.

addition to her lack of participation in the parties proposed scheduling/discovery Order and lack of attendance at this Court's scheduled discovery hearing, she has failed to comply with this Court's Order directing her respond to both this Motion and Defendants' pending motion for summary judgment.  [See Docs. 53, 57].  Accordingly, the Court concludes that such a continuous record of Plaintiff Jones' inactive role in this case clearly qualifies as "contumacious," and thus necessitates the sanction of "dismissal of [this] action for failure to prosecute."  See McKelvey, 789 F.2d at 1520.

After concluding that Plaintiff Jones has failed to prosecute their case, the Court next considers whether the appropriate sanction, as Defendants argue, is to dismiss her claims with prejudice.   Dismissal with prejudice should only be ordered in extreme circumstances as a "sanction of last resort."  McIntosh v. Gauthier, 182 F. App'x 884, 886 (11th Cir. 2006) (citing Goforth v. Owens, 766 F.2d 1533, 1535 (11th Cir. 1985)).  A court should consider the record as a whole and determine "whether there is a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'"  Goforth, 766 F.2d at 1535 (quoting Link v. Wabash R.R. Co., 370 U.S. 626, 630–31, 82 S. Ct. 1386, (1962)).

Here, because Plaintiff Jones' correspondence with this Court has been marked as undeliverable, the Court concludes that the record does not indicate a clear delay or

5

willful contempt on behalf of Plaintiff Jones.  See Clarke v. Hartford Life & Acc. Ins. Co., 2011 WL 6076537, *2-3 (M.D. Fla. Oct. 26, 2011) (dismissing a *pro se* plaintiff's action with prejudice in part because all court correspondence was not returned undeliverable).  Dismissal without prejudice is sufficient sanction in this case.

Based on the aforementioned reasons, Defendants' Motion to Dismiss for Failure to Prosecute [Doc. 50] is **GRANTED in part** and **DENIED in part**. Defendants' Motion is **GRANTED** to the extent that all claims brought by Plaintiff Stephanie Jones, on behalf of herself and her children, are dismissed.  Defendants' Motion is **DENIED** to the extent that all claims brought by Plaintiff Jones are to be dismissed with prejudice.  Accordingly, all claims brought by Plaintiffs Stephanie Jones, on behalf of herself and her children, N and Z Jones, against Defendants Picerne Development, Robins Landing, LP, and Sharon Heard are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED, this 2nd day of March, 2012.

S/  C. Ashley Royal
C. ASHLEY ROYAL
UNITED STATES DISTRICT JUDGE

LMH